IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PALACIOS,             )<br>                                                  )<br>            Petitioner,             )<br>                                                  )<br>    vs.                                       )<br>                                                  )<br>BEN CURRY, Warden,           )<br>                                                  )<br>            Respondent(s).       )<br>_____) | No C 08-4470 VRW (PR)<br><br>ORDER TO SHOW CAUSE |

        Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the July 25, 2007 decision of the California Board of Prison Hearings ("BPH") to deny him parole.

## BACKGROUND

        Petitioner was convicted of second degree murder in Los Angeles County superior court. On March 21, 1986, he was sentenced to an indeterminate term of 15 years to life in state prison with the possibility of parole.

        On August 3, 2005, the BPH held a parole suitability hearing, found petitioner suitable for parole and set a parole date; however, the governor reversed the BPH's parole suitability determination and revoked the parole date.

        On July 25, 2007, the BPH held a subsequent parole suitability hearing and found petitioner not suitable for parole.

Petitioner has unsuccessfully challenged the BPH's July 25, 2007 decision in the state courts. On August 14, 2008, the Supreme Court of California denied review of his petition for state habeas relief.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's July 25, 2007 decision to deny him parole, and a subsequent hearing for one year, on the ground that it does not comport with due process. Among other things, petitioner claims that the decision is not supported by some evidence in the record. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. See Sass v Cal Bd of Prison Terms, 461 F3d 1123, 1127-29 (9th Cir 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

/
/
/
/

2

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and his attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Palacios, E2.osc.wpd